Charles Hayden McManamy
Centinela State Prison
P.O. Box 921
Imperial, Ca 92251

IN PRO SE




ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Charles Hayden McManamy
    Petitioner,

-v-

Victor M. Almager, Warden
    Respondent,

CASE NO. '08 CV 0042 LAB CAB

PETITIONER REQUESTS THIS COURT TO STAY PETITIONERS SIMULTANEOUSLY FILED 28 USC § 2254 PETITION AND HOLD PETITIONERS PROCEEDING IN ABEYANCE WHILE PETITIONER'S CURRENTLY PENDING STATE HABEAS CORPUS PETITION COMPLETES EXHAUSTION IN THE CALIFORNIA SUPREME COURT, AND GRANT PETITIONER LEAVE TO AMEND INSTANT § 2254 PETITION ONCE THE STATE SUPREME COURT RULES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Petitioner Charles Hayden McManamy, respectfully requests this court to file his simultaneously filed 28 USC § 2254 Petition for Writ of Habeas Corpus so that petitioner will secure and thus preserve his timely filing date of his pleadings in this case pursuant to the time limitations mandated under the "AEDPA" and 28 USC § 2254 (d), and then issue a **STAY** in this case because petitioner is awaiting the decision of the California Supreme Court on petitioners currently pending state habeas corpus petition challenging additional violations of petitioners rights under

1.

the Constitution of the United States. Petitioner filed his state habeas petition to the California Supreme Court on 12/28/07 and thus expects a ruling from that court in a reasonable amount of time, at which time petitioner will add the then exhausted additional grounds to his already exhausted "Direct Appeal" claim which forms the ground in his instant § 2254 petition.

Petitioner argues that "extraordinary circumstances" exist in his case which warrent this court to exercise its authority under Federal Rule of Civil Procedure 15(c) and allow petitioner to proceed in this fashion so that petitioner will not become "time-barred" under the requirements of the AEDPA's statute of limitations. The extraordinary circumstances in petitioners proceedings are that during petitioners "exhaustion round" of state habeas corpus proceedings, when petitioner reached the third phase of filing (his pleading in the California Supreme Court), petitioners PETITION FOR REVIEW of his state collateral grounds (he had previously exhausted in the two lower state courts) were not filed into the California Supreme Court. Petitioner mailed the Petition for Review to the CAL SUP CT 3 Times, and 3 Times the CAL SUP CT "lost" the petitions and upon petitioners inquiry the Clerk of that court informed petitioner that the court failed to receive his filings. Petitioner swears (see attached Declaration of Petitioner with attached Exhibits showing proof of mailing) that he complied with the procedural requirements in the filing of his documents in his exhaustion round, yet the above described extraordinary circumstances have caused petitioner to have to extend his round of exhaustion to include the now filed and pending state petition for writ of habeas corpus before the California Supreme Court.

Petitioner cites Kelly v Small 315 F.3d 1063 (9th Cir 2003), Ford v Hubbard 330 F.3d 1086 (9th Cir 2003) and Freeman v Page 208 F.3d 572 (7th Cir 2000) as authority to proceed in this fashion because the very real possibility exists that if petitioner is not allowed to <u>lock in</u> his timely filing date for his instant

§ 2254 proceeding, and then STAY this matter while finishing his exhaustion in state court of meritorious constitutional challenges, petitioner will risk the unnecessary forfeiture of his constitutional rights.

Thus, because of the above described extraordinary circumstances and demonstrated need, petitioner requests this court to:

(1) File instant simultaneously submitted 28 USC § 2254 Petition to thus preserve petitioners federal AEDPA filing date;

(2) Then STAY that proceeding pending the California Supreme Courts decision in petitioners currently pending state habeas corpus petition (allowing petitioner to complete exhaustion of his new claims)

(3) GRANT petitioner LEAVE TO AMEND his now filed 28 USC § 2254 to include the then exhausted newly added grounds;

(4) Address petitioners claim to be granted equitable tolling during the time period petitioner spent in the state courts exhausting his new claims in state Superior Court, state Appeals Court, and California Supreme Court, & from 6/7/06 until Nov. 17, 06 because of death of appellate attorney (see Exhibit)

This request is based upon the circumstances herein described, the authority of this court, and the attached Declaration of Petitioner.

I Charles Hayden McManamy, swear under penalty of perjury that the above is true and correct and I execute this on 12/28/07 at Imperial California.

_Charles M. Manamy_
Name
PETITIONER, IN PRO SE

3.

## DECLARATION OF PETITIONER

1. I Charles HAYDEN MCMANAMY, am the petitioner in the within
2. Legal Matter, and under penalty of perjury I hereby DECLARE:
3. I Am over eighteen (18) years of age and I am incarcerated at
4. Centinela State Prison in Imperial California; my mailing
5. address is: Charles Hayden McManamy C.D.C.# V67232
6.           Centinela State Prison
7.           facility 'A', Bldg A4, 219
8.           P.O. Box 901
9.           Imperial, CA 92251
10. On October 1, 2006 I sent a letter to the appellate defenders
11. project, to find out why my appeal attorney refused to answer
12. my letters inquiring as to the status of my petition for
13. Review he filed in the California Supreme Court on a direct
14. appeal. On October 24, 2006, the appellate project informed
15. me that my attorney Scott Rand had passed away on July 31, 2006
16. and that Mr Rands office was unable to locate my trial
17. Transcripts, and that They, (the appellate project) would
18. contact the courts to get me a copy of the Transcripts. On
19. Nov 17, 2006, I recieved the Trial Transcripts (see Exhibit,
20. Letters from appellate project). At this time I was informed
21. that my petition for review had been denied on June 7, 2006, so
22. I learned of this on Nov, 17, 2006. I had other issues I
23. wished to raise, after exhaustion of the two lower courts
24. thru Habeas Corpus I attempted to petition the California
25. Supreme Court with a petition for Review. "I have no knowledge
26. of the Law, I'm working from a "Habeas Corpus Manual.""
27. My Habeas Corpus was denied in the appellate Courts on
28. 8-/3/07 which gave me (10) Ten days to petition the

1. The California Supreme court with my petition for Review.
2. On 8/12/07 I gave my petition for Review to the Supreme
3. court to the officer in charge of the prison Law Library and
4. The prison mail Room shows a Log of the mail being
5. Mailed on 8/13/07 (prison mail box rule.) So my petition was
6. Timely. (see exhibits.) I made several attempts for the
7. Supreme court to hear my petition. My frist petition
8. was Mailed 8/13/07. The court never recieved it, the other
9. attempts were on 9/23/07, 11/3/07 and 11/17/07. (see copies
10. of Letters from court.) I have now sent a Habeas corpus to
11. the Supreme Court in an attempt to Exhaust my remedies.

13. I Charles Hayden McManamy, swear under penalty of
14. perjury that the above is true and correct and I execute
15. this document on 12/28/07 at Imperial California

17. Dated 12/28/07

18. *Charles M-May*
19. Petitioner, IN PRO SE

**APPELLATE DEFENDERS, INC.**
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101

(619) 696-0282
Automated Attendant: (619) 696-0284
www.adi-sandiego.com

October 24, 2006

Charles McManamy, #V67232
C2 - 102
P.O. Box 921
Imperial, CA 92251

Re: People v. McManamy; Appeal No. E037305

Dear Mr. McManamy:

We received your letter inquiring into the status of your appeal and requesting your transcripts.

We are sorry to inform you that Mr. Scott Rand passed away suddenly on July 31, 2006. Before Mr. Rand's passing, he filed a Petition for Review on your behalf in the California Supreme Court which was denied. Your appeal was completed in the state courts on June 7, 2006 when the remittitur issued. Enclosed is a copy of the Court of Appeal opinion and the remittitur.

We have been in touch with Mr. Rand's office and they are unable to locate your transcripts. However, we have requested the Court of Appeal to furnish a copy of the record to us. This may take a few weeks, but we will forward the record to you when we receive it from the Court.

Sincerely,

Beatrice C. Tillman
Staff Attorney

Enc.

**APPELLATE DEFENDERS, INC.**
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101

(619) 696-0282
Automated Attendant: (619) 696-0284
www.adi-sandiego.com

November 17, 2006

Charles McManamy, #V67232
C2 - 102
P.O. Box 921
Imperial, CA 92251

    Re: People v. McManamy; Appeal No. E037305

Dear Mr. McManamy:

    Enclosed you will find your record on appeal consisting of one clerk's transcript (303 pages), two reporter's transcripts (416 pages) and one master index. Because your direct appeal was completed in the state courts on June 7, 2006, any petition for writ of habeas corpus that you may wish to file in the federal courts, must be done by **June 7, 2007**. The federal court will only entertain arguments that raise a constitutional issue and they must have been presented and rejected in the state courts. Enclosed is also a copy of a blank federal petition for writ of habeas corpus that you may wish to use.

    I am sorry for the delay in getting the transcripts to you. Please write if you have any questions.

                                Sincerely,

                                Beatrice C. Tillman
                                Staff Attorney

Enc.

| STATE OF CALIFORNIA GA-22 (9/92) | **INMATE REQUEST FOR INTERVIEW** | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|
| DATE: 9-19-07 | TO: (C) Yard Law Library | FROM (LAST NAME): MCMANAMY | CDC NUMBER: V67232 |
| HOUSING: C5 | BED NUMBER: 249L | WORK ASSIGNMENT: C5 Clerk | JOB NUMBER / FROM / TO |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | ASSIGNMENT HOURS FROM / TO |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On 8/7/07 I was put on a court deadline by the Law Library to meet a 10 date deadline. On 8/12/07, I made copies and mailed a petition for review to the CA. Supreme Court through the Law Library. On 9/9/07 I mailed a letter to the court to check on the status. On 9/18/07 I received a letter from the court. They have no record of my petition for review.

INTERVIEWED BY: 
DATE: SEP 19 2007

DISPOSITION: Your mail to the Supreme Court of California and the California Attorney General's Office was picked up on 8/13/07. Contact the mailroom to find out when it went out from there.

| STATE OF CALIFORNIA<br>GA-22 (9/92) | INMATE REQUEST FOR INTERVIEW | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|
| DATE: 9/20/07 | TO: MAIL Room | FROM (LAST NAME): McMANAMY | CDC NUMBER: V67232 |
| HOUSING: C5 | BED NUMBER: 249   WORK ASSIGNMENT: C5 Clerk for CCI | | JOB HOURS: FROM 8 AM TO 4 PM |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.): | | | ASSIGNMENT HOURS: FROM ___ TO ___ |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

ON 8/12/07 I mailed a petition for Review to the California State Supreme Court "via" the Law Library. The court never recieved it. I'd like a printout of all "outgoing Legal mail from 5/14/07 Thr. 9-21-07 Thank you.

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

DATE

DISPOSITION

## SPECIAL PURPOSE LETTERS

| | | Sent | Rec'd |
|---|---|---|---|
| Appellate Defenders | 555 W. Beech St. Ste 300 San Diego, CA 92101 | 10/24/06 | 11/21/06 |
| Dep. Tillman Dist. Attny | 4075 Main St. Riverside, CA 92501 | 5/14/07 | 5/15/07 |
| Superior Ct of Riverside | 4100 Main St. Riverside, CA 92501 | 5/15/07 | |
| Riverside Co. Superior Ct of CA | 3389 12TH St. Riverside, CA 92501 | 6/19/07 | 6/18/07 |
| Ct of Appeal | PO Box 431 Riverside, CA 92502 | 6/19/07 | |
| Atty General | 1300 I St. 17th Fl. PO Box 944255 Sacramento, CA 94244 | 6/19/07 | |
| Clerk of the Ct. | Riverside, CA 92501 | 7/30/07 | 5/29/07 |
| " " | " " | 8/7/07 | |
| Supreme Ct of CA | Los Angeles, CA 90013 | 8/13/07 | 8/13/07 |
| Atty General | Los Angeles, CA 90013 | 9-10-07 | |
| Clerk of the Court Supreme Court of CA | 300 S. Spring St. Los Angeles, CA 90013 | | |
| California Supreme Court | 3095 Spring St. Los Angeles CA, 90013 | 9-18-07 | |
| California Supreme Court | 300 S Spring St Ste 3 Los Angeles, CA 90013- | 9/20/07 | |
| Supreme Court of CA | 305 S Spring St Fl 2 90013- | 9/24/07 | |
| Office of The State Attorney General | PO Box 85266 San Diego, 92186-5266 | 9/24/07 | |
| Copy of Legal Cord | | 9/20/07 | |

← NOTE DATE

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

September 14, 2007

Charles Hayden McManamy
V-67232
P. O. Box 921
Imperial, CA., 92251

Dear Mr. McManamy:

After a check of our records we find no petition for review pending on your behalf in this court.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: T. Wright, Deputy Clerk

Enclosure

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

October 18, 2007

Charles McManamy, V-67232
P. O. Box 921
Imperial, CA., 92251

Dear Mr. McManamy:

    This is in reply to your letter of October 7, 2007, wherein you inquire as to the status of a petition for review filed on your behalf in this court. You are herewith advised that after a check of our records we find no record of a filing submitted by you that is now pending in this court. Furthermore, since you did not provide a Court of Appeal case number we are unable to assess the deadlines for the filing of a petition for review.

    We regret that we are unable to assist you any further in this matter.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: T. Wright, Deputy Clerk

cc: l.a./s.f.

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

October 26, 2007

Charles Hayden McManamy
V-67232
P. O. Box 921
Imperial, CA., 92251

Re:   E043361 In re Charles Hayden McManamy on writ of habeas corpus

Dear Mr. McManamy:

   This is in reply to your letter of October 23, 2007, received, October 26, 2007, wherein you reference our letter dated October 18, 2007. In that letter you were advised that after a check of our records (performed by indexing your name and/or CDC) we did not find a petition for review pending in our court. Also, in that same letter you were advised that since you had not provided a case number we were unable to assess the deadlines for the filing of a petition for review.

   After a further check of the docket, (ours and the 4th Appellate District's), we find that no petition for review was ever received or filed on your behalf from the August 3, 2007 Court of Appeal denial of the above. Furthermore, under (Cal. Rules of Court, rule 8.264) the last day that a timely petition for review could have been filed was August 13, 2007.

   Now, also in your letter you write that on August 12, 2007, you sent the same habeas corpus and asked for a review. Moreover, you indicate that the prison's mail room printout shows your petition was mailed out on September 20, 2007.

   Under CRC, rule 8.264, this court's loss of jurisdiction on September 2, 2007, from the above-referenced matter would not have permitted this court's consideraton of any petition for review.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: T. Wright, Deputy Clerk

Enclosure

| | | |
|---|---|---|
| MARY JAMESON<br>AUTOMATIC APPEALS SUPERVISOR<br>JORGE NAVARRETE<br>SUPERVISING DEPUTY CLERK<br>SAN FRANCISCO<br>—<br>NATALIE ROBINSON<br>SUPERVISING DEPUTY CLERK<br>LOS ANGELES | <br><br>Supreme Court of California<br><br>FREDERICK K. OHLRICH<br>COURT ADMINISTRATOR AND<br>CLERK OF THE SUPREME COURT | ☐ SAN FRANCISCO 94102<br>EARL WARREN BUILDING<br>350 McALLISTER STREET<br>(415) 865-7000<br><br>☐ LOS ANGELES 90013<br>RONALD REAGAN BUILDING<br>300 SOUTH SPRING STREET<br>(213) 830-7570 |

12-4-2007

Charles Hayden McManamy, V-67232
Centinela State Prison
P. O. Box 921
Imperial, CA 92251

**Re:    In re Charles H. McManamy on Habeas Corpus - E043361**

Dear Mr. McManamy:

We hereby return unfiled your documents, which we received 11-21-2007. A check of the Court of Appeal docket shows that the petition for a writ of Habeas Corpus was denied 8-3-2007. This court lost jurisdiction to act on any petition for review 11-1-2007. <u>(See Cal. Rules of Court, rule 8.500(e).)</u> Without this jurisdiction, this court is unable to consider your request for legal relief.

If you wish to file a petition for writ of habeas corpus, we require that you complete the enclosed form as fully as possible. Please sign the completed form at the bottom of page six. We must have an original signature. You may attach documents to the form.

We require an original and ten copies of the petition form from you. Your institution has facilities for making the required number of copies. If the institution refuses to make copies, we will accept the original alone.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: A. Allen, Deputy Clerk

Aa/
Rec.
Enclosure